# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EDWARD DEES, and JOHN S. HEERY,
and Similarly Situated Individuals,

                **Plaintiffs,**

-vs-                                  **Case No. 6:05-cv-1923-Orl-DAB**

RSIGHT, INC., JUSTIN R. MCGONIGAL,
STEVE CASSELL,

                **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO STRIKE [GARCIA'S NOTICE OF CONSENT TO JOIN]** (Doc. No. 30) |
| **FILED:** | **October 26, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs sued Defendant Rsight, Inc., an investigative services company, under the Fair Labor

Standards Act (FLSA) for unpaid overtime compensation they allegedly earned as investigators for

Rsight, Inc.  Plaintiffs brought suit individually and on behalf of other similarly situated employees

who are and were employed by Rsight, Inc.[1]  Plaintiffs are also suing Defendants McGonigal and

---

[1] Plaintiff has not sought conditional certification of a collective action, although his Amended Complaint (Doc. No. 15) is styled on behalf of those similarly situated. *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F. 3d 1208, 1217 (11th Cir. 2001). "Plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they proposed." *Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

Cassell as employers, within the statutory definition of the FLSA.  *See* 29 U.S.C. § 203(d).  Plaintiffs have filed an opt-in notice styled a "Notice of Consent to Become a Party Plaintiff" by another former investigative employee, Given Garcia.  *See* Doc. No. 29.  Plaintiffs have not sought leave of Court for Mr. Garcia to opt-in, and Defendants move to strike the Notice because they argue that they will need more time before trial to conduct discovery regarding Mr. Garcia's claims.

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue.  The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

The nature of this provision is to provide an "opt-in" procedure, which differs from Rule 23 class action opt-out procedures.  Thus, FLSA plaintiffs may not certify a class under Rule 23. *Prickett v. Dekalb County,* 349 F. 3d 1294 (11th Cir. 2003).  As these actions are "collective actions," not Rule 23 class actions, they are not subject to numerosity, commonality, and typicality requirements, and a named plaintiff is not entitled to "represent" other plaintiffs in a class sense.  *See Cameron-Grant v. Maxim HealthCare Services, Inc.,* 347 F.3d 1240, 1248-49 (11th Cir. 2003).  The Eleventh Circuit has interpreted the opt-in language as creating additional party plaintiffs for all purposes:

> That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

*Prickett,* 349 F. 3d at 1297.  The filing of a consent establishes the additional claim for statute of limitations purposes.  Thus, in cases where there are only a few employees who have asserted their claims, the permissive joinder procedure is used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early, before a full blown collective action is underway.

The thrust of the FLSA is to allow claimants with similar claims to opt-in and limit the costs associated with separate actions.  There is no surprise to Defendants that other investigators such as Mr. Garcia, would possibly assert claims, since Plaintiffs' Amended Complaint asserted claims on behalf of others similarly situated.  It is therefore **ORDERED** that Mr. Garcia's Notice of Consent to Join (Doc. No. 29)is **ACCEPTED** and the Clerk is **DIRECTED** to add him as a party Plaintiff.

However, Defendants' points regarding the lack of time before trial (and mediation) are well-taken; therefore, Plaintiffs' counsel is **ORDERED** to electronically file Mr. Garcia's Response to the Court's Interrogatories (*see* Doc. No. 18) by November 3, 2006 at 5:00 p.m., and Defendants' counsel is **ORDERED** to electronically file Defendants' Verified Summary of all hours worked by Mr. Garcia's and serve on Plaintiffs' counsel (but not file) a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary by November 9, 2005 at 5:00 p.m. At the Final Pretrial Conference, the Court will determine what additional discovery, if any, is appropriate to the new claim and whether a separate trial should be considered.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record
Unrepresented Parties