**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDWARD DEES, and JOHN S. HEERY,**
**and Similarly Situated Individuals,**

                                  **Plaintiff,**

**-vs-**                                                            **Case No. 6:05-cv-1923-Orl-DAB**

**RSIGHT, INC., JUSTIN R. MCGONIGAL,**
**STEVE CASSELL,**

                                  **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY AS TO PLAINTIFF, GIVEN GARCIA (Doc. No. 32)**
>
> **FILED:** November 2, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants rely on a May 2004 agreement in support of their motion to stay and arbitrate the claims of Given Garcia. *See* Doc. No. 32-2. Mr. Garcia subsequently signed a new employment agreement with Rsight, Inc. on November 1, 2004 which obviously supersedes the prior agreement to arbitrate; moreover, the November 2004 agreement contains references to litigation, attorney's fees

and court costs, and a governing law clause of Florida for litigation. *See* Doc. No. 35-2. The Motion to Arbitrate is **DENIED**.

It further appears from the Motion to Compel Arbitration that Defendants failed to confer pursuant to Middle District of Florida Local Rule 3.01(g). Such a conference before filing the Motion would presumably have obviated the cost of Plaintiff's response and the expenditure of judicial resources spent reviewing the Motion. Thus, Defendants' counsel is **ORDERED** to show cause within 11 days of the date of this Order why she should not be sanctioned for her failure to confer with Plaintiffs' counsel pursuant to Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record