# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EDWARD DEES, and JOHN S. HEERY,**
**GIVEN GARCIA and Similarly Situated**
**Individuals,**

                **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-1923-Orl-DAB**

**RSIGHT, INC., JUSTIN R. MCGONIGAL,**
**STEVE CASSELL,**

                **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 33)** |
| **FILED:** | November 3, 2006 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **DEFENDANTS' AMENDED MOTION FOR LEAVE TO FILE COMPULSORY COUNTERCLAIM (Doc. No. 53)** |
| **FILED:** | December 1, 2006 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as untimely. | |

Plaintiffs sued Defendant Rsight, Inc., an investigative services company, under the Fair Labor Standards Act (FLSA) for unpaid overtime compensation they allegedly earned as investigators for

Rsight, Inc. Plaintiffs are also suing Defendants McGonigal and Cassell as employers, within the statutory definition of the FLSA. *See* 29 U.S.C. § 203(d). Defendants seek summary judgment on Plaintiff Heery's retaliation claim. Doc. No. 33. Because the Court finds that there are factual issues, the Motion for Summary Judgment is **DENIED**.

**Standard for Summary Judgment**

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

**Background Facts[1]**

Heery worked for RSight as an investigator from October 21, 2003 to May 7, 2005. Doc. No. 33, Cassell Aff, at 9-11. Heery's territory included Georgia and Northern Florida. *Id.* A new personnel policy became effective on May 1, 2005, that dealt with mileage reimbursement

---

[1] The facts are read in the light most favorable to Plaintiff, as they must be on summary judgment.

confidentiality procedures, travel pay, preparing field notes and dictation, file handling, breads and lunches, and case preparation. *Id*. at 12-39 (Ex. B).

Rsight contends that all of the investigators who worked for Rsight were required to sign the new policy as a condition of continued employment at Rsight (*id.*); however, Plaintiff disputes this. It is undisputed that Heery refused to sign the new mileage reimbursement policy. Doc. No. 50 at 5. Rsight contends that Heery was terminated on May 7, 2005 for refusing to sign the new policy. *Id*.

**Analysis**

Rsight contends that it is entitled to summary judgment because although Heery alleges retaliation for complaining about an FLSA related issue, he was actually terminated for not signing the new policy, which is not protected activity. Rsight contends that Heery similarly "refused to undertake his job duties within the framework set forth by Rsight, thus he was discharged. Heery opposes summary judgment, arguing that he engaged in "protected activity" when he voiced his concern that changes in Rsight's policies and practices might bring his salary below minimum wage and in violation of the FLSA, 29 U.S.C. § 215. Heery also points out that Rsight has failed to specify which of the twenty-two policy changes he refused to sign and there are material factual issues that remain.

Rsight cites *Hamm v. Members of Board of Regents of State of Florida*, for the proposition that "an employer may remove an employee from a position . . . without violating [discrimination laws] based on the manner in which the employee undertakes his or her duties." 708 F.2d 647 (11th Cir. 1983). Plaintiff contends that he signed identical policy statements in 2004 and it is illogical that he was terminated for refusing to acknowledge policies that he acknowledged the year before.

Plaintiff Heery has submitted his sworn affidavit in which he states that the May 2005 document presented to him contained a number of new company policies and reiterated a number of past policies that he had agreed to previously. Doc. No. 50-3 at 1. Heery avers that he specifically objected to a change in the vehicle reimbursement policy of 25 cents per mile to a paid auto stipend of $400 per month because it would have brought his salary below the minimum wage in violation of the FLSA and he complained to Rsight about the change. Heery's affidavit states that he researched, on his own and without assistance of counsel, whether the change in the mileage reimbursement policy violated a federal law, and applying the modified policy to his circumstances, his gross monthly income would be reduced to about $4.90 per hour, or less than minimum wage. *Id*. at 1-2. Heery also learned through his own research that the DOL Field Operations Handbook had a policy authorizing use of the IRS business mileage rate (currently 40.5 cents per mile) or the actual costs for FLSA purposes; Rsight was not following this policy, thus the lower rate would fail to comply with FLSA requirements. *Id*. at 2-3.

Heery orally notified his supervisor, Eddy Ramos, that the new policy would fail to comply with the FLSA and Heery was eventually informed that Rsight's response was that "he could quit if he did not like it." *Id.* at 3. In April or May 2005, Heery notified Cassell orally and in writing of the same complaint. *Id*.; Doc. No. 50-5. Heery also avers that on May 3, 2205, he complained to Ramos and Cassell that he had not been paid compensation for 1654 hours of case work. *Id*. In addition, Heery has filed the affidavit of Co-Plaintiff Given Garcia who avers that he was presented with the same policy forms and never signed them. Doc. No. 50-2.

The Eleventh Circuit has held that unofficial oral complaints by employees to their employer can constitute protected activity under the FLSA. *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011

(11th Cir. 1989). There remains a genuine issue of material fact as to whether Rsight terminated Heery in retaliation for complaining either that the change in the mileage reimbursement violated minimum wage guidelines under the FLSA, or that he had not been paid wages owed in accordance with the FLSA; therefore, for Rsight's Motion for Summary Judgment is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record